IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KENNETH THUNDERBIRD,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF OREGON, MS. POPOFF,<br>Superintendent, Oregon State Correctional<br>Institution, et al.,<br><br>　　　　　　Respondents. | Case No. 6:17-cv-01117-SB<br><br>**FINDINGS AND<br>RECOMMENDATION** |

**BECKERMAN, Magistrate Judge.**

　　Petitioner Kenneth Thunderbird (aka Kenneth Johnson), an inmate at the Oregon State Correctional Institution (OSCI), brings this proceeding against the State of Oregon and OSCI Superintendent Popoff[1] challenging the Clackamas County Circuit Court's denial of his request for DNA testing. Pet'r's Habeas Pet. (ECF No. 2). For the reasons that follow, the district judge should dismiss Petitioner's Habeas Petition because 42 U.S.C. § 1983 is his exclusive avenue for

---

[1] In the caption of his Petition, Petitioner identifies the "Respondents" as the "State of Oregon et al." Later in the Petition, he includes Superintendent Popoff as a Respondent. Pet. at 8. This Court amends the caption of the Petition to include both Respondents.

1 - FINDINGS AND RECOMMENDATION

relief and the Court's exercise of jurisdiction is precluded by the *Rooker-Feldman* doctrine.[2] *See* Rule 4, Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254 (requiring judge to dismiss habeas petition if it appears on its face that the petitioner is not entitled to relief).[3]

## BACKGROUND

In 1996, Petitioner was convicted of numerous sex offenses and sentenced to a 460-month term of imprisonment. The Oregon Court of Appeals affirmed his conviction, and the Oregon Supreme Court denied review. *State v. Johnson*, 155 Or. App. 488, *rev. denied*, 328 Or. 40 (1998). Petitioner sought state post-conviction relief which the state courts denied. *Thunderbird v. Lampert*, 180 Or. App. 613, *rev. denied*, 334 Or. 492 (2002).

In 2003-05, Petitioner filed a series of habeas corpus proceedings in this Court, one of which was dismissed with prejudice. *See Thunderbird v. Hill*, 1:03-cv-00277-CO (dismissing petition without prejudice for failure to use the court's form petition); *Thunderbird v. Hill*, 1:03-00278-CO (dismissing petition without prejudice because it was incomplete); *Thunderbird v. Hill*, 1:03-cv-00308-CO (dismissing petition without prejudice for failure to use the court's form petition); *Thunderbird v. Hill*, No. 1:03-cv-01101-CO, 2004 WL 1222059, at *1 (D. Or. June 2,

---

[2] The *Rooker-Feldman* doctrine is premised on *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923) and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), holding that district courts lack jurisdiction over a case brought by parties to a state court action who are seeking review of the state court judgment.

[3] In accordance with the Ninth Circuit's recent decision in *Williams v. King*, No. 15-15259, 2017 WL 5180205, at *3 (9th Cir. Nov. 9, 2017), holding that a magistrate judge's exercise of jurisdiction under 28 U.S.C. § 636(c)(1) requires the consent of *all* parties irrespective of service of process, this Court has withdrawn its Order of Dismissal (ECF No. 6) *to the extent that* it ordered the dismissal of Petitioner's Habeas Petition, and replaces it with this Findings and Recommendations. *See* Order (ECF No. 8).

2004) (denying petition because it was time barred); *Thunderbird v. Hill*, 3:05-cv-00889-AS (dismissing without prejudice petition raising sentencing error).

In 2014-15, Petitioner filed two state actions asserting his actual innocence and seeking DNA testing.[4] In both cases, the Oregon Court of Appeals denied relief and the Oregon Supreme Court denied review. *See State v. Thunderbird*, 273 Or. App. 256 (2015), *rev. denied*, 358 Or. 529 (2016) (denying DNA testing on the basis that Petitioner failed to identify the specific evidence to be tested); *Thunderbird v. Popoff*, 281 Or. App. 461 (2016) (dismissing habeas corpus petition seeking DNA testing), *rev. denied*, 361 Or. 240 (2017), *petition for cert. filed* (U.S. Aug. 23, 2017) (No. 17-5702). The Oregon Court of Appeals explained that DNA testing was not warranted because Petitioner failed to satisfy Or. Rev. Stat. § 138.692(1)(a)(B):

> Here, defendant states in his affidavit, "I have identified within [the] subject motion the specific evidence to be tested which the DNA testing would support a defense theory that I was not the malefactor." The subject motion, in turn, requests an order for the performance of DNA testing "on the specific evidence of: *bodily fluids, sperm, reproductive cells, saliva*." (Emphasis added.) That is insufficient . . . because, rather than identify the "specific evidence" "secured in connection with the prosecution" that defendant seeks to have tested, ORS 138.692(1)(a)(B), defendant identified substances and genetic material that, *if found on or in items of such evidence*, could be subject to DNA testing that would bear on innocence. In other words, as the state contends, the genetic materials identified by defendant—bodily fluids, sperm, reproductive cells, and saliva—are not, themselves, specific items of evidence under the statute, at least not based on the record created by defendant in support of his motion in this case. Thus, defendant has not satisfied the requirements of ORS 138.692(1)(a)(B); accordingly, the trial court did not err in denying his motion.

*Thunderbird*, 273 Or. App. at 257-58 (footnote omitted).

---

[4] Pursuant to Or. Rev. Stat. § 138.690, "[a] person may file . . . a motion requesting the performance of DNA (deoxyribonucleic acid) testing on specific evidence if the person has been convicted of aggravated murder or a felony in which DNA could exist and is relevant to establishing an element of the offense."

3 - FINDINGS AND RECOMMENDATION

On or about July 11, 2017, Petitioner filed the instant proceeding. It is difficult to discern the intended nature of this proceeding. Petitioner first alleges that he is seeking a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) (requiring a state prisoner to obtain a Certificate of Appealability before appealing a federal district court's denial of habeas relief). Pet. at 2, 5-7. Under the heading "JURISDICTION," however, Petitioner relies on 28 U.S.C. § 1257 (vesting jurisdiction in the Supreme Court to review final decisions by a state's highest court). *Id.* at 15.

In the body of the Petition, Petitioner alleges that the state courts' denial of DNA testing violated his right to Equal Protection and Due Process and that his 460-month sentence constitutes cruel and unusual punishment. *Id.* at 4. Petitioner sets forth three "claims for relief" challenging the constitutionality of his conviction, and alleging that the state courts erred in denying his request for DNA testing and dismissing his state habeas petition. *Id.* at 19-30. Petitioner also includes an "assignment of error," alleging that (1) the Oregon Court of Appeals erred in denying his "petition for performance of DNA testing and his motion for new trial"; and (2) the sentencing judge violated Petitioner's right to due process and equal protection by precluding him from using DNA evidence in his defense. *Id.* at 30-31. Petitioner contends that "he is entitled to review of his claims on the merits because there is a need to correct clear constitutional error." *Id.* at 3.

## DISCUSSION

Federal law provides two main avenues to relief for complaints related to imprisonment: (1) a petition for habeas corpus pursuant to 28 U.S.C. § 2254; and (2) a civil rights complaint pursuant to 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). Habeas

relief is the exclusive vehicle for challenges to the fact or duration of confinement. *Id.* Alternatively, a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the "core" of habeas corpus. *Id.* at 927, 931, 934. A district court may re-characterize a *pro se* habeas petition as a civil rights action if it is "'amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief,'" and the court "'warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.'" *Id.* at 936 (*quoting Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)).

In *Skinner v. Switzer*, 562 U.S. 521, 532-34 (2011), the Supreme Court held that a post-conviction claim challenging the denial of DNA testing *based on an unconstitutional statute or rule* is properly pursued in a § 1983 action because success in the suit gains for the prisoner only access to the DNA evidence and does not imply the invalidity of his conviction. However, a federal court lacks jurisdiction if the complaint challenges the *application* of the statute or rule to the plaintiff's particular case. *Skinner*, 562 U.S. at 532-33; *see Cooper v. Ramos*, 704 F.3d 772, 777-79, 781 (9th Cir. 2012) (holding that the *Rooker-Feldman* doctrine bars a district court from exercising jurisdiction over a direct appeal from a state-court judgment as well as the *de facto* equivalent of such an appeal).

Accordingly, to the extent that Petitioner seeks to challenge the legality of his conviction, the Petition is properly construed as a § 2254 habeas petition. So construed, the Petition should be dismissed because it is successive to the petition filed in *Thunderbird v. Hill*, 2004 WL 902350. Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a successive habeas petition may be filed in the district court, the petitioner must move the appropriate U.S. Court of Appeals to authorize

the district court to consider the petition. Petitioner has not obtained authorization from the Ninth Circuit to file a successive petition. Accordingly, the district judge should dismisses the Petition with leave to re-file if Petitioner obtains authorization from the Ninth Circuit to do so.

On the other hand, to the extent that Petitioner seeks review of the state court's denial of his request for DNA testing, the Petition does not lie within the core of habeas relief. This Court therefore may re-characterize the Petition as a civil rights complaint if Petitioner has named the correct defendants, seeks the correct relief, is warned of the consequences of the conversion, and is provided an opportunity to withdraw or amend the Complaint. The district judge should decline to re-characterize the Petition as a civil rights complaint because Petitioner seeks to challenge the *application* of Or. Rev. Stat. § 138.692(1)(a)(B) to his particular case, as opposed to challenging the constitutionality of the statute itself. The Court therefore would lack jurisdiction over the re-characterized complaint under the *Rooker-Feldman* doctrine.

## CONCLUSION

For the foregoing reasons, this Court recommends that the district judge dismiss Petitioner's Petition (ECF No. 2) without prejudice to his right to re-file if the Ninth Circuit authorizes him to do so. Additionally, to the extent that Petitioner seeks to challenge the state court's denial of his request for DNA testing, the district judge should decline to re-characterize the Petition as a civil rights complaint because the Court lacks jurisdiction under the *Rooker-Feldman* doctrine.

This Court recommends that the district judge grant Petitioner thirty days to file an amended complaint challenging the constitutionality of Oregon's DNA statutory scheme itself. However, if Petitioner files an amended complaint, he should be required to pay the $400.00

filing fee for a civil rights action because he has, on three or more prior occasions while incarcerated, brought an action in this Court that was dismissed for failure to state a claim. *See Thunderbird v. Wren*, 3:01-cv-00677-HA; *Thunderbird v. Clackamas Cty. Sheriff's Office*, 3:01-cv-00676-KI; *Thunderbird v. Dewald*, 6:99-cv-00675-AA; *Thunderbird v. White*, 6:99-cv-06130-TC; *see also* 28 U.S.C. § 1915(g) (precluding prisoner from proceeding *in forma pauperis* if he has filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim, unless he is under imminent danger of serious physical injury).

## **SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this  16   day of November, 2017.

_____
STACIE F. BECKERMAN
United States Magistrate Judge