IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**KENNETH THUNDERBIRD,**

              Petitioner,

V.

**STATE OF OREGON; MS. POPOFF;**
Superintendent, Oregon State Correctional
Institution

              Respondents.

No. I7-cv-01117-SB

OPINION AND ORDER

**MOSMAN, J.,**

On November 16, 2017, Magistrate Judge Stacie F. Beckerman issued her Findings and

Recommendation (F&R) [9], recommending that Petitioner Kenneth Thunderbird's Petition for

Writ of Habeas Corpus [2] should be dismissed. Mr. Thunderbird filed Objections [7].

### DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may

file written objections. The court is not bound by the recommendations of the magistrate judge,

but retains responsibility for making the final determination. The court is generally required to

make a de novo determination regarding those portions of the report or specified findings or

recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court

is not required to review, de novo or under any other standard, the factual or legal conclusions of

1 – OPINION AND ORDER

the magistrate judge as to those portions of the F&R to which no objections are addressed. *See*

*Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

(9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R

depends on whether or not objections have been filed, in either case, I am free to accept, reject,

or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Upon review, I agree with Judge Beckerman's recommendation and I ADOPT the F&R

[9] as my own opinion. The Petition [2] is dismissed without prejudice to Mr. Thunderbird's

right to re-file if the Ninth Circuit authorizes him to do so. To the extent that Mr. Thunderbird

seeks to challenge the state court's denial of his request for DNA testing, I decline to

recharacterize the Petition as a civil rights complaint because the Court lacks jurisdiction under

the *Rooker-Feldman* doctrine. I grant Petitioner thirty days to refile an amended complaint

challenging the constitutionality of Oregon's DNA statutory scheme, although he will be unable

to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED this 7 day of December, 2017.

MICHAEL W. MOSMAN
Chief United States District Judge